## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.   19-CR-60153-JIC

**UNITED STATES OF AMERICA,**

**v.**

**ADRIAN FIERROS,**

     **Defendant.**

_____/

### PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **ADRIAN FIERROS** (hereinafter referred to as the Adefendant@) enter into the following agreement:

1. The defendant agrees to plead guilty to the Superseding Indictment which charges Defendant with two counts of Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a) and (e) (Counts 1 and 2); two counts of Distribution of Child Pornography in violation of Title 18, United States Code, Sections 2252(a)(2) and (b)(1) (Counts 3 and 4) and four counts of Sending Extortionate Interstate Communications in violation of Title 18, United States Code, Section 875(d) (Counts 5, 6, 7, and 8).

2. The defendant is aware that the sentence will be imposed by the court after consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter ASentencing Guidelines@). The defendant acknowledges and understands that the court will compute an advisory sentence

under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.   The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.   The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines= advisory sentence.   Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

3.     The defendant understands and acknowledges that the maximum statutory term of imprisonment with regard to Production of Child Pornography in Counts 1 and 2 is thirty (30) years with a minimum mandatory of fifteen (15) years followed by a term of supervised release of 5 years up to Life.   The maximum term of imprisonment with regard to Distribution of Child Pornography in Counts 3 and 4 is twenty (20) years with a mandatory minimum

of five (5) years followed by a term of supervised release of 5 years up to Life. The maximum term of imprisonment with regard to Sending Extortionate Interstate Communications in Counts 5 through 8 is two (2) years imprisonment, followed by a term of 1 year supervised release. In addition to a term of imprisonment, the Court may impose a fine of up to two hundred fifty thousand dollars ($250,000.00) on each count and an order of restitution.

4.     The defendant further understands and acknowledges that, pursuant to Title 18, United States Code, Section 3014, a special assessment in the amount of $5,000 will be imposed on the defendant because, as the defendant acknowledges and agrees, the defendant is not indigent and is pleading guilty to an offense under Chapter 110 (relating to sexual exploitation and other abuse of children). The defendant agrees that this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal conviction, upon which this special assessment is based.

5.     The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant for each count to which he is pleading guilty for a total of $800.00.   The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If the defendant is financially unable to pay the special assessment, the defendant

agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.     This Office reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant=s background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.     This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant=s offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant=s recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant=s offense level is determined to be 16 or greater, the government will file a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.   The United States, however, will not be required to make this motion or this recommendation if the defendant: (1) fails

or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.      Additionally, this Office has agreed to recommend that that this Honorable Court impose a term of imprisonment of not more than forty (40) years.

9.      The defendant is aware that the sentence has not yet been determined by the Court.  The  defendant also is aware that any estimate of the  probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court.  The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the

defendant, the government, or a recommendation made jointly by both the defendant and the government.

10.     Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. ' 3583(d).   Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life.   Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information.   Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   If defendant resides in Florida following release from prison, defendant will be subject to the registration requirements of Florida State Statute 943.0435.   Defendant further understands that, under 18 U.S.C. ' 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

11.     As a condition of supervised release, defendant shall initially register with the state sex offender registration in the state of Florida, and shall also register with the state sex offender registration agency in any state where

defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information.     Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

12.    The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure or variance from the guideline range that the court establishes at sentencing.   The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).   However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney.   The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

13.    This is the entire agreement and understanding between this Office and the defendant.    There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: _____1/8/2020_____  By: _____

M. CATHERINE KOONTZ
SPECIAL ASSISTANT UNITED STATES ATTY

Date: _____1/8/2020_____  By: _____

JESSE DREICER
ATTORNEY FOR DEFENDANT

Date: _____1/8/2020_____  By: _____

ADRIAN FIERROS
DEFENDANT

8