UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-60153-COHN

UNITED STATES OF AMERICA,

vs.

ADRIAN FIERROS,

        Defendant.
_____/

### GOVERNMENT'S SENTENCING MEMORANDUM

Pursuant to Title 18, United States Code, Section 3553(a), the United States of America, by and through the undersigned Special Assistant United States Attorney, hereby files this Sentencing Memorandum and in support states as follows:

### LEGAL ARGUMENT

It is well-settled that a district court must consult the Sentencing Guidelines Manual and consider the advisory sentencing guidelines range for an offense of conviction prior to rendering a sentence. *United States v. Crawford,* 407 F.3d 1174, 1178-79 (11th Cir. 2005). To properly calculate the sentencing guidelines range, the court must also consider departures – upwards or downwards – that may be warranted. *United States v. Jordi*, 418 F.3d 1212, 1215 (11th Cir. 2005) ("the application of the guidelines is not complete until the departures, if any, that are warranted are appropriately considered."); U.S.S.G. § 1B1.1(b). After properly calculating the sentencing guidelines range, a district court must next consider and balance the sentencing factors in 18 U.S.C. § 3553(a) to determine a "reasonable" sentence, which may be more or less severe than that provided for by the guidelines range. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). The court need not discuss each of the 3553(a) factors in rendering a sentence, *United States v.*

1

*Scott,* 426 F.3d 1324, 1329 (11th Cir. 2005), so long as the record reflects consideration of the factors in general, *Nelson v. United States*, 555 U.S. 350 (2009).

Here, imposing a sentence of 40 years, is appropriate under 18 U.S.C. § 3553(a). The government submits that a sentence of 40 years is an entirely fair, just and reasonable sentence given the nature and circumstances surrounding the offenses of conviction and consideration of other § 3553 factors.

### The Nature and Circumstances of the Offense Conduct

The first factor for the Court's consideration is the "nature and circumstances of the offense and the history and characteristics of the defendant." Both factors weigh strongly in favor of imposing a guideline sentence of 40 years. The severity and extent of the Defendant's criminal conduct in this case cannot be overstated. The Defendant was in contact with over 80 young females, a majority of which were under 14 years of age, via Instagram, using various tactics to convince them to send him sexually explicit images of themselves. Almost all of his tactics involved getting them to send him one inappropriate image and then using that one image as leverage to make them send him more revealing images and videos. The Defendant was unrelenting in his sexual abuse of children via the internet. Using a mixture of deception and intimidation, the defendant coerced and extorted these children into sending depraved, sexually explicit, vile and demeaning sexually explicit images and videos of themselves to him. When the girls expressed reticence in sending additional sexually explicit photographs or videos, the Defendant further extorted them by threatening to post- and indeed posting- the previously provided material on Instagram and other social media sites. Most damagingly, the Defendant did, in fact, distribute pornographic images and videos of these minor children on their social media accounts causing exposure to their entire contact list, which oftentimes consisted of numerous classmates.

Likewise, the "history and characteristics of the defendant," also militates strongly in favor of imposing a sentence of 40 years' incarceration. Significantly, the victims in this case begged the Defendant to stop his demands as he was ruining their lives. The Defendant refused and continued his threats. Many victims in this case told the Defendant they were going to commit suicide if he didn't stop. The Defendant responded that he did not care and he continued to threaten them with exposure to their friends and families. The Defendant took pictures of the victims Instagram friends list to prove he could expose them if he decided to do so. It appeared that his systematic extortion of children was viewed as a game by the Defendant.

**The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment for the Offense, afford Adequate Deterrence to Criminal Conduct, and Protect the Public from Further Crimes of the Defendant.**

The next factor for the Court's consideration is the "need for the sentence imposed …to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense." *See* 18 U.S.C. § 3553(a)(2)(A). This is the "'just deserts' concept, which carries the need for retribution, the need to make the punishment fit the crime, and the need not just to punish but to punish justly." *United States v. Irey*, 612 F.3d at 1160, 1206 (internal quotation marks omitted) (citing *Pugh*, 515 F.3d at 1195). Accordingly, the more serious the crime, the "greater the need for retribution and the longer the sentence should be." *Irey*, 612 F.3d at 1206.

In this regard, the Eleventh Circuit is of the view that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable." *United States v. Sarras*, 575 F.3d 1191,1220 (11th Cir. 2009); *see e.g., Johnson*, 451 F.3d at 1244 (upholding as reasonable a within guideline sentence of 140-year sentence for abusing and photographing three boys between the ages of 8 and 16 based on consecutive statutory maximums under 18 U.S.C. § 2251(e) and §2252A(b)(1)); *see e.g., United States v. Betcher*, 534 F.3d 820, 827-28 (8th Cir. 2008) (upholding as reasonable a

3

750-year sentence for a first-time offender who had taken pornographic pictures of five 8- to 11-year-old girls, including two of his granddaughters), *cert.denied*, 555 U.S. 1123 (2009). Notwithstanding the Defendant's age and lack of criminal history, certainly the facts and circumstances of this case meet, and in some cases exceed, the conduct of defendants who received similar or higher sentences than the sentence the United States now requests. The gravity of Defendant's criminal conduct is also reflected in the harm he has inflicted on the victims he sexually abused. The Eleventh Circuit acknowledged the significant harm that child pornography offenses inflict on a victim: "[T]he material produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *See Pugh*, 515 F.3d at 1195, n.11.

The United States is asking for a 40-year sentence in this case which is a 68-year downward variance from the guideline sentence. This variance accounts for the Defendant's willingness to apologize for his actions and take responsibility. In this case there is a significant societal interest in deterring those who use the internet to sexually abuse children. A substantial sentence strongly signals to prospective offenders that the justice system offers no leniency to those who choose to abuse children, regardless of whether or not that abuse occurs through the veil of the internet. Prospective offenders who are considering such offenses must be strongly deterred and made aware of the severe consequences that will follow regardless of where they choose to sexually abuse children.

Under Section 3553(a)(6) the Court should also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  In the Middle District of Florida, in a strikingly similar case, the Court imposed a sentence of 105 years on a 31-year-old defendant who pled guilty to sextorting 300+ victims approximately the same age rage as the victims in this case. (*United States v. Lucas M. Chansler*

MDFL). Courts have also upheld as reasonable a 750-year sentence for a first-time offender who had taken pornographic pictures of five 8- to 11-year-old girls, including two of his granddaughters *See, e.g.,Betcher*, 534 F.3d at 827-28.  The Eleventh Circuit has also found a sentence of 50 years reasonable for a 19 year old defendant who lured young boys over the internet into producing sexually explicit images of themselves and then distributed them to other like-minded pedophiles. (*United States v. Patrick Killen*, 773 Fed Appx. 567). A 40 year sentence falls within the heartland of this type of crime.  While the Defendant succeeded in producing child pornography with several victims that are named in this case, the evidence recovered from Instagram showed that he clearly terrorized many more.  In *United States v. Joseph Isaiah Woodson*, 18-cr-60256-JEM, Judge Jose E. Martinez on January 24, 2020, sentenced a defendant to 600 months for conduct very similar to the conduct of the Defendant in this case. In *Woodson*, the Defendant was using Snapchat and other forms of social media to exploit and threaten children in an effort to make them produce sexually explicit images for him. *Woodson* also threatened those children with exposing their images to others if they did not comply with his threats.

     In this case the Defendant did not simply ask these children for sexually-explicit images and videos, he manipulated and tricked them—using threats of publicity and disclosure to bend these victims to his will. The psychological torment of each child was key to the Defendant's offenses. The Defendant's words and deeds are the best argument for a sentence focused on protecting the public. He needs a long prison sentence because of the pleasure he takes in hunting, harassing, exploiting, and sexually abusing children—some to the point of wanting to commit suicide.  The Defendant engaged in a concentrated, deliberate campaign to find and exploit children.   The Defendant's actions will haunt the victims and their families forever because he engaged in a particularly malevolent form of sexual abuse. Children rarely fully recover from the trauma of sexual abuse. A. Perry and D. DiLillo, *Child Sexual Abuse,* 147, in N.A. Jackson,

Encyclopedia of Domestic Violence, (2007). While short term effects of sexual abuse include fear, anxiety, anger, depression, and sexually inappropriate behavior, long-term effects include self-destructive behavior, tendency toward revictimization, substance abuse, and sexual maladjustment. Victims of child pornography production crimes describe how the crime limits their lives, because they fear exposure or publicity. A. Gertwitz-Meydan, W. Walsh, J. Wolak, and D. Finkelhor, The complex experience of child pornography survivors, 244, *Child Abuse and Neglect*, 80 (2018). A sentence of 40 years will provide comfort to all the victims. Although they may never fully heal, they will know that the Defendant cannot contact them or afflict them for many years.

### The Proposed Sentence will Provide Justice to Victims

One of the most important considerations is the rights and perspectives of the victims. The Crime Victims' Rights Act, 18 U.S.C. § 3771, establishes a set of rights for victims of federal crimes, including the right to be protected from the accused, the right to confer with the prosecutor, and the right to be treated with fairness and respect for their privacy and dignity. *See* 18 U.S.C. § 3771(a)(1), (5), (8).  Protecting victims' dignity and privacy is especially important in a case like this. The Defendant is an extortionist. He used his victims' private images—their most sensitive digital property—as a tool to get what he wanted.

### Response to the Defendant's sentencing Memorandum [DE 47]

On March 31, 2020, the Defendant filed a sentencing memorandum asking the Court to impose a term of incarceration of 15 years. In support of his request he argues that he should be given a 93-year variance because he never actually met the victims he sexually abused. The Defendant did not need to meet the victims in order to do harm. Here the Defendant engaged in psychological torment. He coerced the children into sending him sexually explicit photos and videos by threatening them with exposure to their friends and family. He not only threatened but

he made good on his threats and sent sexually explicit photos of the victims to friends and family. He tormented the victims to such an extent that they thought their only way out was suicide. The fact he never met these children is of no consequence. The Court should not reward the Defendant because he did not take the sexually explicit photos himself. He also argues that he should be viewed as someone with diminished capacity because he was diagnosed with Attention Deficit Disorder (ADD).  This argument is not supported by the Presentence Report. The Defendant has led a very normal life. He graduated from high school, he played sports and maintained employment. He is not someone who is operating with diminished capacity.

In support of his request for a 15 years mandatory minimum sentence he cites, *United States v. Polk*, 546 F.3d 74. In *Polk* the Defendant over the course of some four months, engaged in online conversations with a person whom he presumed to be a thirteen-year-old girl. He pressured her to take and send to him sexually explicit photographs of herself. The victim was an undercover agent and no photos were ever taken or sent. The Defendant was found guilty of attempting to produce child pornography. The facts of that case are substantially different than the facts of this case.

The Defendant also cites, *United States v. Sutton*, 496 Fed.Appx. 948, in support of his argument. In *Sutton*, however, the Defendant was only convicted of distribution of child pornography, and the court found that a sentence of 96 months was reasonable. The Court went on to find that the Defendant had mental issues and was not "operating at full speed." That is not the situation in the present case.

The Defendant also cites, *United States v. Osorio*, 481 Fed.Appx. 548, in support of his argument for 15 years.  The Defendant in that case was sentenced to 235 months for production of child pornography. In *Osorio,* the Defendant set up a camera in his 14-year-old stepdaughters'

bathroom to catch her undressing. The facts of that case are completely different than the facts of this case.

## CONCLUSION

For the foregoing reasons, the government respectfully states that the Court impose a sentence of 40 years which will protect the public, provide justice to victims, and adequately punish the Defendant's crimes.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: /s/ M. Catherine Koontz
    M. Catherine Koontz
    Special Assistant United States Atty
    Court Id A5501929
    500 Broward Blvd., 7th floor
    Fort Lauderdale, Florida 33394
    (954) 660-5940
    (954) 356-7336 (Fax)
    e-mail: Catherine.koontz@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 25, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ M. Catherine Koontz
Special Assistant U.S. Attorney